IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DENGCHENG CHEN,**

    **Petitioner,**

    v.                                                CASE NO. 21-3230-JWL

**RICHARD DORNEKER,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is detained at the Chase County Jail in Cottonwood Falls, Kansas ("CCJ"), under the authority of the Enforcement and Removal Office ("ERO"), Immigration and Customs Enforcement ("ICE"), a sub agency of the U.S. Department of Homeland Security ("DHS"), pending removal proceedings. Petitioner seeks immediate release on the grounds that his family needs him, he has health issues, he has served his criminal sentence yet still remains detained, and the "long wait." (Doc. 4, at 9, 10, 13; Doc. 5, at 5; Doc. 7, at 2; Doc. 8-2.)

**I. Background**

Petitioner is a native and citizen of China. Petitioner entered the United States without permission on July 14, 2017 and was apprehended by the United States Border Patrol. Declaration of Deportation Officer Rylan J. Douglas ("Douglas Decl."), Doc. 6-1, ¶ 8. He was taken into ICE custody. *Id*. A Notice to Appear (Form I-862) was issued on July 21, 2017, placing Petitioner in removal proceedings before an Immigration Judge. *Id*., ¶ 9. The Notice to Appear was filed by the ICE Office of the Principal Legal Advisor ("OPLA") with the Pearsall Immigration Court in Pearsall, Texas. *Id*., ¶ 11. On August 15, 2017, Petitioner appeared before the Immigration Judge for his initial master calendar hearing. *Id*., ¶ 12. The judge continued Petitioner's case until August

22, 2017.  On that date, a bond hearing was held, and the judge set bond at $20,000.  *Id*., ¶ 13.  Petitioner posted bond on August 25, 2017, and was released from custody.  *Id*., ¶ 14.

On October 24, 2017, Petitioner filed a motion to change venue to the Immigration Court in New York, New York.  *Id*., ¶ 15.  In the motion, Petitioner admitted the factual allegations contained in the Notice to Appear and conceded removability as charged.  *Id*.  The motion was granted on October 31, 2017.  *Id*.

Petitioner submitted an application for relief to the New York Immigration Court on April 18, 2018.  *Id*., ¶ 16.  A hearing was set for April 29, 2022.  *Id*., ¶ 17.  In the meantime, Petitioner moved to Columbia, Missouri, where he worked in a restaurant.  (Doc. 5, at 4, 7.)  On September 28, 2019, he got into an altercation with a co-worker at his place of employment and stabbed two people with a pocketknife.  (Doc. 4, at 21-22.)  On May 14, 2021, he was convicted in the Thirteenth Judicial Circuit Court in Boone County, Missouri, on two counts of Assault 4th Degree.  Douglas Dec., ¶ 18.  Petitioner was sentenced to one year for each count, to be served concurrently.  (Doc. 4, at 22.)  On May 18, 2021, Petitioner was released to the custody of DHS and transported to the Chase County Jail where he is currently detained.  Douglas Dec., ¶ 19.

DHS obtained a change of venue from New York to the Kansas City, Missouri Immigration Court and filed Additional Charges of Inadmissibility/Deportability (Form I-261) charging Petitioner as inadmissible to the United States under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  *Id*., ¶¶ 20, 22.  On June 15, 2021, Petitioner appeared at a bond hearing.  *Id*., ¶ 23.  At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond, finding Petitioner failed to establish that he is not a danger to the community.[1]  *Id*.  On July 13, 2021, Petitioner appeared for a hearing on the merits of his

---

[1] Petitioner appealed the bond denial to the Board of Immigration Appeals, and his appeal was dismissed on September 30, 2021.  Douglas Dec., ¶ 23.

application for relief, and the judge issued a decision on July 19, 2021, ordering Petitioner removed to China. *Id*., ¶ 24. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on August 6, 2021, and the appeal remains pending. *Id*., ¶ 25.

## II. Discussion

To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal district courts have habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner's primary arguments for why he should be released are that his family needs him and he suffers from anxiety, depression, and other health issues. He also mentions that he has served his criminal sentence yet still remains detained, and he has been "waiting too long." However, Petitioner has not demonstrated that he is in custody in violation of the Constitution, laws, or treaties of the United States.

If Petitioner is challenging the Immigration Judge's decision to deny his release on bond at the conclusion of the June 15, 2021 bond hearing, this Court lacks jurisdiction to consider his petition.[2] Petitioner has been detained pursuant to 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); *see also* 8 C.F.R. § 236.1(c)(8) (providing an authorized officer may exercise discretion to release an alien if the alien demonstrates that release would not pose a danger and the alien is likely to appear at future proceedings). However, that exercise of discretion is not subject to judicial review. *See* 8 U.S.C. § 1226(e) ("The Attorney

---

[2] Similarly, if Petitioner is attempting to challenge the decision of the Immigration Judge denying his application for asylum, this Court lacks jurisdiction. Petitioner has followed the proper procedure by appealing to the BIA.

General's discretionary judgment regarding the application of this section shall not be subject to review."); *cf. Demore*, 538 U.S. at 516-17 (finding jurisdiction to consider challenge to statutory framework providing for mandatory detention under § 1226(c), not the discretionary judgment of the Attorney General).

Further, the INA does not contain a "compassionate release" provision comparable to 18 U.S.C. § 3582(c)(1)(A). That provision applies to federal prisoners serving a sentence of incarceration and permits a sentence reduction if a court "finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). However, 18 U.S.C. § 3582(c)(1)(A) is not applicable to immigration detainees such as Petitioner. *See Basri v. Barr*, 469 F. Supp. 3d 1063, 1070 (D. Colo. 2020).

If instead the petition is liberally construed to be challenging Petitioner's continued detention on constitutional or statutory grounds, the Court has jurisdiction, but the petition must be denied. "U.S. immigration law authorizes the Government to detain certain aliens . . . already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018). 8 U.S.C. § 1226(a) authorizes immigration officials to arrest and detain, or release, an alien pending a final order of removal. Petitioner's removal order is not yet final. It will become final upon dismissal of the appeal by the BIA. 8 C.F.R. 1241.1(a). Therefore, his detention remains authorized by 8 U.S.C. § 1226(a).

The Supreme Court has noted that it was "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it also held that even mandatory detention under

4

§ 1226(c) for the "limited period" necessary for removal proceedings is constitutional. *Demore*, 538 U.S. at 529–31. It reasoned that, unlike the "indefinite" and "potentially permanent" post-removal-period detention contemplated in *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention during an alien's removal proceeding has "a definite termination point," namely, the conclusion of the removal proceeding, and generally lasts for a "limited period" of time. *Demore*, 538 U.S. at 529–30 (quoting *Zadvydas*, 533 U.S. at 690–91).

Here, Petitioner was taken into ICE custody on May 18, 2021. He was provided with a bond hearing less than a month after he was detained by ICE. An order of removal was entered by the Immigration Judge on July 19, 2021, after Petitioner had been in ICE custody for only two months. He currently remains in custody as a result of his appeal of the removal order to the BIA. Petitioner has not shown that his detention under § 1226(a) has become unreasonable or otherwise run afoul of due process. Petitioner has failed to show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **denied.**

**IT IS SO ORDERED**.

**Dated December 6, 2021, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**